Filed 7/23/14  P. v. Ward CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F066792 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. F10905141) |
| ANTHONY DERRICK WARD, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  James M. Petrucelli, Judge.

Han N. Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Charity S. Whitney, Deputy Attorneys General, for Defendant and Respondent.

-ooOoo-

---

\*      Before Levy, Acting P.J., Cornell, J. and Franson, J.

A jury convicted appellant, Anthony Derrick Ward, of two counts of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c);[1] counts 1, 2) and one count of reckless driving while evading a peace officer (Veh. Code, § 2800.2, subd. (a); count 3), and found true allegations that in committing each of the robberies, appellant personally used a dangerous or deadly weapon (§ 12022, subd. (b)(1)). The jury also found true allegations that appellant had suffered two prior serious felony convictions within the meaning of section 667, subdivision (a) and 11 "strikes,"[2] and that he had served six separate prison terms for prior felony convictions (§ 667.5, subd. (b)).

The court imposed terms of 25 years to life on each of counts 1 and 2, and ordered the terms to run consecutively. On the count 1 enhancements, the court imposed terms of five years on each of the two prior serious felony enhancements; one year on the accompanying weapon use enhancement, and one year on each of four prior prison term enhancements, and on the count 2 enhancements, the court imposed terms of five years on each of the two prior serious felony enhancements, and struck the weapon use and prior prison term enhancements. The court ordered that the total 25-year determinate term on the enhancements be served prior to the indeterminate terms. The court also imposed a concurrent six-year term on count 3, consisting of the three-year upper term, doubled pursuant to the Three Strikes law (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)).

On appeal, appellant argues that the court mistakenly believed it did not have the discretion to impose concurrent sentences on the count 1 and count 2 substantive offenses and, therefore, remand for resentencing is required. We vacate the sentence, remand for resentencing, and otherwise affirm.

---

[1]     Except as otherwise indicated, all statutory references are to the Penal Code.

[2]     We use the term "strike" as a synonym for a "prior felony conviction" within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)), i.e., a prior felony conviction or juvenile adjudication that subjects a defendant to the increased punishment specified in the Three Strikes law.

# FACTUAL AND PROCEDURAL BACKGROUND

*Facts*

Because appellant does not challenge the sufficiency of the evidence and his sole contention on appeal relates to sentencing, we present an abbreviated account of the facts of the instant offenses: At approximately 6:40 p.m. on October 7, 2010, Lorenzo Hernandez and Lorena Alvarez were working behind the counter at a "Rent-A-Center" store in Fresno when appellant entered the store, wearing a mask and carrying a handgun. Appellant pointed the gun at Hernandez and Alvarez and demanded the cash in the register and two laptop computers that were on the counter. Hernandez handed over the laptops and Alvarez handed over all the cash in the register, approximately $800. Appellant then ordered Alvarez and Hernandez to get down on the floor, at which point appellant left the store. After appellant left, Hernandez called 911, and police apprehended appellant a short time later. In the car appellant had been driving, police found a black BB gun and two laptop computers, one of which had a "Rent-A-Center" sticker on it.

*Procedural Background*

The probation officer, in her December 28, 2012, written report (RPO), under the heading "RULE 4.421: CIRCUMSTANCES IN AGGRAVATION,"[3] quoting, respectively, subparts (a)(8), (b)(1), (b)(2) and (b)(5) of rule 4.421, listed the following: "The manner in which the crime was carried out indicates planning, sophistication or professionalism"; "The defendant has engaged in violent conduct [which] indicates a serious danger to society"; "The defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness"; and "The

---

**3** California Rules of Court, rule 4.421 consists of a list of circumstances in aggravation relating to the crime and to the defendant. All rule references are to the California Rules of Court.

defendant's prior performance on probation or parole was unsatisfactory." The officer found there were no circumstances in mitigation (rule 4.423).

Immediately thereafter, under the heading for "RULE 4.425: CRITERIA AFFECTING CONCURRENT OR CONSECUTIVE SENTENCING," the officer stated: "Pursuant to P[enal ] C[ode section] 667[, subdivision ](c)(7), the terms for Counts One and Two are mandated to be served consecutively."[4] The officer recommended imposition of consecutive sentences on counts 1 and 2.

At the first sentencing hearing, on January 9, 2013, the court, after hearing argument from counsel, found the same four circumstances in aggravation found by the probation officer. And, as did the probation officer, the court found there were no circumstances in mitigation. Immediately thereafter, the court stated: "Rule 4.425, criteria affecting concurrent or consecutive sentences, under (b), pursuant to Penal Code Section 667[, subdivision ](c)(7), the terms for Count One and Two are mandated to be served consecutively."

The court went on to impose consecutive sentences of 25 years to life on counts 1 and 2 plus a total of 25 years four months on the enhancements.

On February 28, 2013, the probation officer filed a supplemental written report (SRPO) in which she stated she had made an "error" in recommending a four-month term on the count 2 weapon use enhancement, and that she failed to make a recommendation on whether to impose or strike the prior prison term enhancements alleged in connection with count 2.[5] In the SPRO, the probation officer recommended that the court strike the

---

**4** Section 667, subdivision (c)(7) provides: "If there is a current conviction for more than one serious or violent felony as described in paragraph (6), the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law."

**5** At the January 2013 sentencing, the court did not impose sentence on the count 2 prior prison term enhancements, but neither did the court strike those enhancements.

4.

count 2 weapon use enhancement and prior prison term enhancements, and again recommended imposition of consecutive 25-year-to-life terms on counts 1 and 2.

A resentencing hearing was conducted on February 28, 2013. At that hearing, as indicated above, the court, as recommended in the SPRO, imposed consecutive 25-year-to-life terms on each of counts 1 and 2, and struck four prior prison term enhancements as to both counts 1 and 2 and the count 2 weapon use enhancement. The court did not repeat its statement that consecutive sentences on counts 1 and 2 were "mandated."

## DISCUSSION

Appellant contends the court mistakenly believed it lacked the discretion to impose concurrent, rather than consecutive sentences on counts 1 and 2, and therefore the matter should be remanded for resentencing.

Preliminarily, we seek to clarify what is *not* in dispute. The Three Strikes law mandates consecutive sentences for any current felony convictions "not committed on the same occasion, and not arising from the same set of operative facts." (§ 667, subd. (c)(6); *People v. Lawrence* (2000) 24 Cal.4th 219, 222–223 (*Lawrence*).) Conversely, consecutive sentences are not mandatory, and the court retains discretion to impose concurrent terms, if the current felony convictions are committed on the same occasion or arise from the same set of operative facts. (*People v. Deloza* (1998) 18 Cal.4th 585, 591 (*Deloza* ).) Appellant contends, the People do not dispute, and we conclude that the count 1 and 2 offenses occurred on the same occasion. (*People v. Hendrix* (1997) 16 Cal.4th 508, 510, 514 [two robberies committed on same occasion where defendant pointed gun at four people seated at a shopping mall and demanded money, and two complied]; *Lawrence*, *supra*, at pp. 225–227 [crimes brief in duration and committed "essentially simultaneously" against the same group of victims are committed on the

5.

same occasion].)**6** Therefore, as the parties also agree, imposition of consecutive sentences on counts 1 and 2 was *not* mandatory.

The parties also recognize that when the record affirmatively shows that a sentencing court mistakenly believed it was required to impose consecutive terms and had no discretion to impose concurrent terms, remand is necessary so the court may "impose sentence with full awareness of its discretion." (*People v. Fuhrman* (1997) 16 Cal.4th 930, 944; accord, *Deloza*, *supra*, 18 Cal.4th at pp. 599–600.) Appellant and the People part company, however, on the question of whether operation of this principle requires remand in the instant case.

We conclude remand is required. As indicated earlier, the court stated at the January 2013 sentencing that imposition of consecutive sentences was "mandated." There is nothing in the record to indicate the court changed its view by the time of the February 2013 resentencing. The court's unequivocal expression of its belief that it was required by law to impose consecutive sentences affirmatively shows the court misunderstood the scope of its sentencing discretion.

The People argue to the contrary. First, the People assert: "[I]t is most reasonable to read the court's words[, i.e., the court's statement at the January 2013 sentencing that consecutive sentences are 'mandated'] to mean that 'the terms for Count One and Two are mandated *by this court* to be served consecutively,' not that the terms were mandated *by the Penal Code* to be served consecutively." The People base this contention, in turn, on the claim that immediately prior to stating consecutive sentences were "mandated," the court "specifically discussed appellant's aggravating and mitigating circumstances" and "highlight[ed]" rule 4.425—which sets forth "Criteria affecting the decision to impose consecutive rather than concurrent sentences"—and section 667,

---

**6**      We express no opinion on whether the two robberies arose of the "same set of operative facts" within the meaning of section 667, subd. (c)(6).

subdivision (c)(7).**7**  The People argue it would not be "logical" for the court to mention these matters unless it believed it had the discretion to impose either  consecutive or concurrent sentences on counts 1 and 2.  The People also point out that the court did not use the word "mandated" or any of its synonyms at the February 2013 resentencing.  We are not persuaded.

First, the court used the word "mandated" at other points in the January 2013 hearing in contexts in which it clearly meant to use the word as a synonym for "required by law."  Where section 667, subdivision (a)(1) prior serious felony enhancement allegations are found true, "[t]he trial court has no discretion and the sentence is mandatory" (*People v. Purata* (1996) 42 Cal.App.4th 489, 498), and here, at sentencing, the court stated, "Pursuant to … section 667[, subdivision ](a)(1), [appellant] is *mandated* to serve an additional and consecutive term of five years for each prior serious felony conviction."  (Italics added.)  Similarly, imposition of prior prison term enhancements (§ 667.5, subd. (b)) is mandatory unless such enhancements are stricken (*People v. Langston* (2004) 33 Cal.4th 1237, 1241–1246), and at the January 2013 sentencing the court stated:  "Pursuant to … Section 667.5[, subdivision ](b), [appellant] is *mandated* to serve an additional and consecutive term of one year for each prison prior.  I will strike two of these enhancements …."  (Italics added.)  The foregoing demonstrates that the court used the word "mandated" to mean "required by law."

Second, the court's discussion of circumstances in aggravation listed in rule 4.421 does not suggest that the court was considering those factors in deciding whether to impose consecutive sentences.  Circumstances in aggravation and mitigation are relevant to the decision as to whether to impose an upper, middle or lower term for an offense.  (Rule 4.420(b) [a sentencing court, in selecting one of the three prison terms authorized for an offense, "may consider circumstances in aggravation or mitigation"].)  As

---

**7**      See footnote 4, *ante*.

7.

indicated above, a separate rule provides guidance for courts in deciding whether to impose consecutive or concurrent sentences. (Rule 4.425.) Moreover, under the Three Strikes law, for a person with two or more strikes, the Vehicle Code violation of which appellant stands convicted in count 3 is punishable by a term of 32 months, four years or six years. (Pen. Code, §§ 667, subds. (e)(1) & (e)(2)(C), 18, subd. (a); Veh. Code, § 2800.2, subd. (a).) Thus, the court's on-the-record consideration of circumstances in aggravation and mitigation no doubt related to its decision to impose the upper term on count 3.

Third, it appears that the court's reference to rule 4.425 shortly before the court stated consecutive sentences were mandated was simply a matter of the court reading nearly verbatim from the RPO.[8]

Finally, the court made no findings on, and did not discuss, at either sentencing hearings, any of the rule 4.425 criteria for deciding to impose consecutive rather than concurrent sentences.

In our view, the court's statement at the January 2013 sentencing hearing that consecutive sentences on counts 1 and 2 were mandated, considered in conjunction with the absence of any other indication that the court believed differently at the time of the February 2013 hearing, affirmatively show that the court misunderstood the scope of its sentencing discretion. Accordingly, the sentence must be vacated and the matter remanded to the trial court to allow the court to properly exercise that discretion.

---

[8]     The RPO stated:  "**RULE 4.425:  CRITERIA AFFECTING CONCURRENT OR CONSECUTIVE SENTENCES** [¶]]  (b)  Other criteria and limitations:  Pursuant to P[enal ] C[ode section] 667[, subdivision ](c)(7), the terms for Counts One and Two are mandated to be served consecutively."  As indicated earlier, the court stated: "Rule 4.425, criteria affecting concurrent or consecutive sentences, under (b), pursuant to Penal Code Section 667[, subdivision ](c)(7), the terms for Count One and Two are mandated to be served consecutively."

## DISPOSITION

The sentence is vacated and the matter remanded for resentencing in accordance with the views expressed in this opinion.  In all other respects the judgment is affirmed.